FILED
June 07, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003545026

| | |
|---|---|
| 1 | ROBERT HAWKINS #131159 |
| | ATTORNEY AT LAW |
| 2 | 1849 NORTH HELM, SUITE 110 |
| | FRESNO, CALIFORNIA 93727 |
| 3 | (559) 255-0555 |
| 4 | Attorney for Chapter 7 Trustee, |
| | James Salven |

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of | Case No. 10-61970-A-7F |
| BRIAN ENNIS, | DC No. RH-3 |
| | **TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL PROMISSORY NOTE AT A DISCOUNT** |
| | 11 U.S.C. §363 |
| Debtor. | Date: July 6, 2011 |
| _____/ | Time: 9:00 a.m. |
| | Dept: A |

**TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:**

James Salven respectfully represents:

1. He is the duly appointed, qualified, and acting trustee of the above-entitled estate.

2. The above-captioned case was filed under Chapter 7 on or about October 15, 2010, and James Salven was appointed Chapter 7 Trustee.

3. This Court has jurisdiction over this proceeding by virtue of 28 U.S.C. §1334(a). This is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(A). This motion is brought pursuant to 11 U.S.C. §363.

4. Among the assets of this estate is non exempt equity in a note receivable from Jim Carson in the amount of $200,000.00 at 5% (five percent interest) with payments due to the debtor as follows:

        a.       first quarterly payment of $15,661.03 due on September 26, 2010;

        b.       following quarterly payments of $15,661.03 each due on March 26, 2011, June 26, 2011, September 26, 2011, and December 26, 2011; and

        c.       the balance due in full on March 26, 2014.

5. The Trustee has received an offer from Jim Carson to purchase the note in full for the total sum of $130,000.00. This sum represents approximately 65% (sixty-five percent) of the amount due under the terms of the note. Based on previous experience, the Trustee is of the opinion that this discount is with trade custom.

6. In deciding to accept the proposed offer, the Trustee took into account that it would take nearly three years to collect the quarterly payments in full pursuant to the terms of the note and the risk of default on the payments during that length of time. The Trustee is of the opinion that the offer by Jim Carson to pay off the note in full for a total purchase price of $130,000.00 is fair and in the best interests of the creditors of the estate. The funds have been received by the estate.

7. The Trustee believes that sale of the above-described property on the terms set forth above is in the best interest of the creditors of this estate and all parties in interest.

**WHEREFORE**, the Trustee prays that after appropriate notice and opportunity to be heard, he be authorized to sell the above-described asset to Jim Carson for the total sum of $130,000.00.

**DATED**: JUNE 3, 2011

                                      /S/
                        ROBERT HAWKINS,
                        Attorney for Chapter 7 Trustee